| | |
|---|---|
| Kim D. Stephens (*pro hac vice*)<br>Jason T. Dennett (*pro hac vice*)<br>Kaleigh N. Powell (*pro hac vice*)<br>Tousley Brain Stephens PLLC PLLC<br>1700 Seventh Avenue, Suite 2200<br>Seattle, WA  98101<br>Telephone: (206) 682-5600<br>Facsimile: (206) 685-2992<br>Email: kstephens@tousley.com<br>Email: jdennett@tousley.com<br>Email: kpowell@tousley.com<br><br>Eric H. Gibbs (SBN 178658)<br>David Berger (SBN 277526)<br>Jeffrey Kosbie (SBN 305424)<br>GIBBS LAW GROUP LLP<br>505 14th Street, Suite 1110<br>Oakland, CA  94612<br>Telephone: (510) 350-9700<br>Facsimile: (510) 350-9701<br>Email: ehg@classlawgroup.com<br>Email: dmb@classlawgroup.com<br>Email: jbk@classlawgroup.com<br><br>*Counsel for Plaintiff and the Proposed Class* | PENELOPE A. PREOVOLOS (SBN 87607)<br>PPreovolos@mofo.com<br>ALEXIS A. AMEZCUA (SBN 247507)<br>AAmezcua@mofo.com<br><br>MORRISON & FOERSTER LLP<br>425 Market Street<br>San Francisco, California  94105-2482<br>Telephone: 415.268.7000<br>Facsimile: 415.268.7522<br><br>*Attorneys for Defendant*<br>APPLE INC. |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| ALASDAIR TURNER, individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>          v.<br><br>APPLE INC., a California corporation,<br><br>                    Defendant. | No. 5:20-cv-7495-EJD<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:   March 31, 2022<br>Time:  10:00 AM<br>Dept.:  Courtroom 4 – 5th Floor<br>Judge: Honorable Edward J. Davila<br><br>SAC Filed:  March 10, 2022 |

JOINT CASE MANAGEMENT STATEMENT - 1
CASE NO. 5:20-CV-7495

Under Civil Local Rule 16-9, the Parties submit this Joint Case Management Statement in preparation for the upcoming Case Management Conference on March 31, 2022.  The parties previously submitted Joint Case Management Statements on May 10, 2021, September 27, 2021, and November 22, 2021, in advance of the Case Management Conferences scheduled for May 20, 2021, October 14, 2021, and December 2, 2021, respectively.  (ECF Nos. 42, 47, and 50.)  On February 14, 2022, the Court rescheduled the Case Management Conference to March 31, 2022.  (ECF No. 53.)

**1.   Jurisdiction and Service.**

Plaintiff contends that this Court has subject matter jurisdiction over Plaintiff's claims under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2).

No parties remain to be served.

No outstanding issues exist at this time regarding personal jurisdiction, service of process, and venue.

**2.   Facts.**

   *A.   Plaintiff.*

Plaintiff alleges that Defendant Apple Inc. ("Apple") designed its iPhone and iOS 13 to surreptitiously consume its users' cellular data, for Apple's own benefit, without consumers' knowledge or consent via a code (the "Consuming Code") included in Apple's iOS 13.

Members of the proposed class, like many individuals, pay for cellular data plans with a limited amount of data (e.g., 5 GB per month); being able to predict and control their cellular data usage thus informs their decisions about what type of cellular phones and data plans to purchase. Otherwise, if they use more cellular data than their plans allow, their carrier will charge them (often exorbitant) overage fees. For that reason, consumers expect that the cellular

data their iPhones consume will be commensurate with the cellular data that they actually use.

In reality, Apple designed its iPhones with the undisclosed capability to appropriate and consume users' cellular data for Apple's own benefit. Apple activated this capability in 2019 by rolling out iOS 13, which, by way of the Consuming Code, caused iPhones to send significant amounts of data to Apple, routed Apple's data transfers exclusively over cellular networks, and exempted Apple's data transfers from normal settings favoring Wi-Fi connections. To prevent users from noticing this traffic, Apple miscategorized the data as coming from "Uninstalled Apps" on the iPhones' internal cellular data meter. At no time either before or after Plaintiff and the proposed class bought their iPhones did Apple disclose either their iPhone's capacity to consume their cellular data for Apple's own benefit or the existence of the Consuming Code.

Plaintiff filed his original Complaint on October 24, 2020, and thereafter filed his First Amended Class Action Complaint on January 28, 2021. Apple filed its Motion to Dismiss on March 4, 2021. Following the Court's Order Granting in Part Apples' Motion to dismiss, Plaintiff filed his Second Amended Class Action Complaint on March 10, 2022.

### B.   *Apple.*

Apple denies Plaintiff's contentions.  Plaintiff's complaint fails to plead any facts in support of his theories, and, instead is based on speculation and conjecture, and claims a single alleged overage of $15 paid to a third-party (not Apple) as a basis for bringing a nationwide putative class.  By Plaintiff's own admission, the allegedly offensive conduct ceased within months, in June 2020.  Moreover, as Plaintiff's complaint further acknowledges, Apple disclosed that the cellular data meter is an estimate only; many features, built-in apps, and services of Apple's software transmit data that could impact data plan charges; cellular data usage may increase under certain circumstances; and the user is solely responsible for any overages in a data

plan.

The principle factual issues in this action include: (1) whether Plaintiff or the putative class experienced the issue alleged in the Second Amended Complaint; (2) whether Plaintiff and the putative class members used their iPhones in compliance with Apple's User Guidelines; (3) whether Plaintiff or the putative class members suffered any injuries as a result of any conduct by Apple; and (4) whether the class identified in Plaintiff's Second Amended Complaint should be certified under Fed. R. Civ. P. 23.

**3.    Legal Issues.**

   ***A.    Plaintiff.***

At this time, the Parties' primary disputed points of law are:

- Whether Plaintiff's Second Amended Complaint adequately alleges claims under California's Unfair Competition Law, California Business and Professions Code sections 17200–17209; and

- Whether Plaintiff's proposed class is appropriately certified under FRCP 23.

   ***B.    Apple.***

In addition to those listed above, the following legal issues are also in dispute based on the allegations in Plaintiff's Second Amended Complaint:

- Whether Plaintiff has Article III and/or statutory standing to pursue his claims;

- Whether a reasonable consumer would consider alleged misclassification of cellular data usage material to the decision whether to purchase an iPhone;

- Whether Apple's disclosures and representations to customers regarding the cellular data usage were untrue, misleading, or deceptive;

- Whether Plaintiff and members of the putative class read and relied on advertising, marketing, or other representations by Apple regarding the cellular data usage to purchase their iPhones;
- Whether Apple had a duty to disclose any matters alleged by Plaintiff;
- Whether Apple's disclosures on this point were adequate;
- Whether Plaintiff and putative class members suffered any harm caused by any alleged conduct by Apple;
- Whether Plaintiff's proposed class may be certified under Rule 23 of the Federal Rule of Civil Procedure;
- Whether individual questions of law or fact common to class members predominate over common issues;
- Whether Plaintiff is entitled to any damages, restitution, equitable relief, and/or injunctive relief as alleged in Plaintiff's Complaint.

**4.   Motions.**

Apple's Motion to Dismiss (ECF No. 34) was fully briefed (ECF Nos. 37, 38) and the Court issued an Order Granting-in-Part and Denying-in-Part the Motion to Dismiss on February 14, 2022. (ECF No. 53.) Plaintiff filed a Second Amended Complaint on March 10, 2022. (ECF No. 54.) Apple's deadline to respond to the Second Amended Complaint is April 7, 2022.[1]

Plaintiff anticipates filing a motion for class certification.

Apple anticipates filing a motion for summary judgment, and will oppose class certification.

---

[1] Plaintiffs agree that Apple could take two additional weeks to respond to the Second Amended Complaint.

JOINT CASE MANAGEMENT STATEMENT - 5
CASE NO. 5:20-CV-7495

**5.   Amendment of Pleadings.**

   *A.   Plaintiff.*

Plaintiff filed his Second Amended Complaint on March 10, 2022. Whether Plaintiff files a Third Amended Complaint will depend on whether Apple moves to dismiss the Second Amended Complaint, as well as any order resulting from such a motion. Plaintiff reserves his right to amend the Second Amended Complaint consistent with Federal Rule of Civil Procedure 15.

   *B.   Apple.*

Plaintiff has already amended his allegations by filing a First Amended Complaint and a Second Amended Complaint. No future amendment to the Second Amended Complaint should be permitted without leave of Court.

**6.   Evidence Preservation.**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information and have met and conferred regarding reasonable and proportionate steps to preserve evidence in this action. The Parties continue to meet and confer over the scope and terms of a stipulation regarding a protective order and electronically stored information.

**7.   Disclosures.**

Both Parties exchanged Initial Disclosures under FRCP 26(a)(1) on March 17, 2021.

**8.   Discovery.**

On November 19, 2021, Plaintiff served Requests for Production of Documents pursuant to Rule 34 of the Federal Rules of Civil Procedure; no other discovery has been taken by either party. Pursuant to an agreement with Plaintiff, Apple served written responses to Plaintiff's Requests for Production of Documents on January 12, 2022. The Parties met and conferred

regarding Apple's written responses on January 19, January 21, and February 1, 2022, and continue to do so. The Parties have discussed and are negotiating a stipulated e-discovery order and a stipulated protective order that they intend to present to the Court. The Parties do not presently propose any limitations or modifications of the discovery rules. Both Parties reserve the right to re-evaluate this position as discovery progresses, and will in good faith consider requests to enlarge those limits without necessitating intervention by the Court.

The Parties agree to accept email service of discovery requests and written responses and objections to those requests.

### A.    *Plaintiff's Anticipated Discovery.*

Plaintiff anticipates taking discovery on the following topics: Apple's design and implementation of the Consuming Code, including the person(s) involved, testing, reporting, and related information; Apple's consumption of cellular data via the Consuming Code; Apple's design of the iPhone and the means by which it consumes cellular data; Apple's receipt, investigation, resolution, and monitoring of consumer complaints regarding or related to the Consuming Code; Apple's packaging, advertisements, sales materials, brochures, pamphlets, or other materials/disclosures provided to consumers; Apple's sales data; and Apple's receipt and maintenance of records evidencing cellular carriers associated with iPhones. Plaintiff expects to take a 30(b)(6) deposition.

While the Parties agree that bifurcation would be inappropriate, Apple's request to "phase" class certification discovery before merits discovery is premature, and inconsistent with Apple's scheduling proposal, below, that would end fact discovery the day after a hearing on Plaintiff's Motion for Class Certification. The Parties currently are negotiating over the sufficiency of Apple's discovery responses and can address any issues regarding discovery

sequencing to the extent they arise during the discovery process. In the unlikely event that the Parties are unable to reach agreement, the Court could decide sequencing and any other unresolved discovery issues at one time and with the benefit of a factual record.

### B.    *Apple's Anticipated Discovery.*

Apple believes that discovery should be phased such that initial discovery is tethered to the issues to be litigated on class certification. Apple anticipates serving written discovery (including document requests, interrogatories, and requests for admission and inspection), deposition notices, and engaging in expert discovery relating to Rule 23 class certification issues and the underlying merits of Plaintiff's claims. Apple anticipates that the discovery it seeks will include the circumstances of Plaintiff's purchase of his iPhone; the circumstances of Plaintiff's use of his iPhone and consumption of cellular data prior to and after the emergence of the alleged miscategorization issue; whether Plaintiff's claims are typical of the claims of other members of the proposed class; and whether common questions of fact or law predominate over individual inquiries.

### 9.    **Class Actions.**

All attorneys of record have reviewed the Procedural Guidance for Class Action Settlements.

### A.    *Plaintiff.*

Plaintiff is pursuing class action status under Federal Rule of Civil Procedure 23(b)(3). The proposed class includes all purchasers, owners, users, or lessees of any Apple iPhone who installed any version of iOS 13 on their Apple iPhone(s) prior to Version 13.6, and who used a limited cellular data plan with that iPhone while iOS 13 was installed. Plaintiff believes that the facts and circumstances of this case make it suitable for class action treatment given, among

1  other things, that Apple uses a uniform Software License Agreement with a California choice of
2  law provision. Plaintiff proposes that Plaintiff's Motion for Class Certification be filed no later
3  than March 9, 2023, as set out in Section 17.

### B. Apple.

Among other reasons, Apple disputes that Plaintiff may obtain class certification pursuant to Federal Rule of Civil Procedure 23, establish a classwide basis for awarding monetary relief or equitable restitution, or pursue claims under California law on behalf of a nationwide class under *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581 (9th Cir. 2012). Apple has included a proposed schedule for class certification in Section 17 below.

**10.    Related Cases.**

The Parties are not aware of any related cases or proceedings.

**11.    Relief.**

### A. Plaintiff.

Plaintiff seeks damages equivalent to: (1) the reasonable value of cellular data that Apple appropriated from the proposed class, and (2) the difference in value between what the proposed class paid for their iPhones and what they would have paid had Apple adequately disclosed its ability to surreptitiously appropriate their data. Plaintiff is unable to reasonably calculate these amounts without further discovery. In addition, Plaintiff seeks injunctive relief in the form of an order prohibiting Apple from appropriating iPhone users' cellular data without adequate disclosure; attorneys' fees and costs; and pre- and post-judgment interest on all amounts awarded.

### B. Apple.

Apple denies that this case can properly be maintained as a class action. Apple further

denies that Plaintiff or the purported class have suffered any cognizable injury or that Plaintiff is suffering from ongoing harm warranting injunctive relief.

**12. Settlement and ADR.**

The Parties have not engaged in ADR to date. As required, the Parties have discussed the possibility of early resolution of this matter and are continuing to have these discussions. At this juncture, the Parties do not believe this case is appropriate for referral to ADR but agree that they will participate in private mediation when the time is appropriate, and will engage in good faith to determine if early resolution is appropriate. The Parties have completed and submitted their respective ADR Certificates.

*A. Plaintiff.*

Plaintiff believes that this case is appropriate for ADR. Plaintiff believes that the Parties will be in a position to revisit settlement discussions after Plaintiff has had an opportunity to take discovery on the origin and extent of the Consuming Code, as well as the proposed class's damages.

*B. Apple.*

Apple proposes the Parties attend private mediation, to the extent the matter is still proceeding, to be conducted by 30 days before Plaintiff's deadline to file his motion for class certification.

**13. Consent to a Magistrate Judge for All Purposes.**

The Parties do not consent to have a magistrate judge conduct all further proceedings in this case.

**14. Other References.**

The Parties do not believe the case is suitable for reference to binding arbitration, a

special master, or the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues.**

The Parties do not believe any issues can be further narrowed by agreement and at this time do not have suggestions regarding expediting the presentation of evidence at trial or bifurcation of issues, claims, or defenses. The Parties will meet and confer in good faith as this litigation progresses about the potential to streamline issues by stipulation or motion practice.

**16.     Expedited Trial Procedure.**

The Parties do not believe that this is a case that can be handled under the Expedited Trial Procedure of General Order No. 64.

**17.     Scheduling.**

*A.      Plaintiff.*

Plaintiff proposes the following dates for designation of experts, the discovery cutoff, hearing of dispositive motions, pretrial conference and trial:

| Event | Date |
|---|---|
| Motion for Class Certification and Identification of Plaintiff's Experts for Class Certification and Report | March 9, 2023 |
| Apple's Opposition to Motion for Class Certification and Identification of Apple's Experts for Class Certification and Report | May 8, 2023 |
| Plaintiff's Reply in Support of Class Certification and Rebuttal Expert Reports | June 7, 2023 |
| Deadline to Complete Private Mediation | June 30, 2023 |
| Discovery Cutoff | 60 Days After the Court Rules on Plaintiffs' Motion for Class Certification |
| Deadline to File Dispositive Motions | 60 Days After Discovery Cutoff |
| Pretrial Conference | To Be Set by Court After Ruling on Plaintiffs' Motion for Class Certification |
| Trial | To Be Set by Court After Ruling on Plaintiffs' Motion for Class Certification |

JOINT CASE MANAGEMENT STATEMENT - 11
CASE NO. 5:20-CV-7495

### B. *Apple.*

Apple proposes the schedule set forth below.

| Event | Date |
| --- | --- |
| Deadline to Complete Private Mediation | February 7, 2023 |
| Plaintiffs' Motion for Class Certification | March 9, 2023 |
| Plaintiff's Class Certification Expert Reports | March 9, 2023 |
| Apple's Opposition to Motion for Class Certification | May 8, 2023 |
| Apple's Class Certification Expert Reports | May 8, 2023 |
| Plaintiff's Reply in Support of Class Certification | June 7, 2023 |
| Plaintiff's Class Certification Rebuttal Expert Reports | June 7, 2023 |
| Hearing on Motion for Class Certification | July 6, 2023, or a date that is convenient for the Court |
| Close of Fact Discovery | July 7, 2023 |

Apple proposes that the Court conduct a further Case Management Conference after ruling on Plaintiff's Motion for Class Certification to set deadlines for dispositive motions, merits expert discovery, a pretrial conference, and trial.

**18. Trial.**

Plaintiff has demanded a jury trial in this case and expects that, if a class is certified, trial will last two weeks.

Apple's position is that the length of trial and whether any issues will be tried to a jury will largely depend on the outcome of any motions for class certification or for summary judgment.

**19. Disclosure of Non-party Interested Entities or Persons.**

The Parties have filed their Certification of Interested Entities or Persons as required by Civil Local Rule 3-15. The Parties have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.

1 | Plaintiff reiterates his certification that as of this date, other than the named parties to this litigation, there are no interests to report.

Pursuant to Rule 7.1(a) of the Federal Rules of Civil Procedure, Apple has certified that it has no parent corporations, and there is no publicly held company that owns 10% or more of Apple's stock. Pursuant to Civil L.R. 3-15, Apple certifies that as of this date, other than the named parties, there is no such interest to report. (ECF No. 25.)

**20. Professional Conduct.**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

Dated: March 21, 2022        TOUSLEY BRAIN STEPHENS PLLC


By: */s/ Jason T. Dennett*
    Jason T. Dennett (*pro hac vice*)

    *Attorneys for Plaintiff and the Proposed Class*

Dated: March 21, 2022        MORRISON & FOERSTER LLP


By: */s/ Alexis A. Amezcua*
    Alexis A. Amezcua

    *Attorneys for Defendant Apple Inc.*

**SIGNATURE ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that I am the ECF user whose user ID and password are being utilized in the electronic filing of this document and concurrence in the filing of this document has been obtained from the signatories shown above.

By: /s/ Alexis A. Amezcua
    Alexis A. Amezcua

**CERTIFICATE OF SERVICE**

I hereby certify that on March 21, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to all Counsel of Record.

By: /s/ Alexis A. Amezcua
    Alexis A. Amezcua