David Berger (SBN 277526)
Amanda M. Karl (SBN 301088)
Jeffrey Kosbie (SBN 305424)
Jennifer Sun (SBN 354276)
**GIBBS LAW GROUP LLP**
1111 Broadway, Suite 2100
Oakland, California 94607
Telephone: 510-350-9700
Fax: 510-350-9701
dmb@classlawgroup.com
amk@classlawgroup.com
jbk@classlawgroup.com
jsun@classlawgroup.com

Kim D. Stephens, P.S. (*pro hac vice*)
Jason T. Dennett (*pro hac vice*)
Kaleigh N. Boyd (*pro hac vice*)
**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Telephone: 206-682-5600
Fax: 206-682-2992
kstephens@tousley.com
jdennett@tousley.com
kboyd@tousley.com

*Counsel for Plaintiff and the Proposed Class*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| ALASDAIR TURNER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APPLE INC., a California corporation,<br><br>Defendant. | Case No. 5:20-cv-07495-EJD<br><br>**JOINT STATEMENT AND [PROPOSED] ORDER**<br><br>Judge: Honorable Edward J. Davila<br>Dept: Courtroom 4 – 5th Floor<br><br>Second Amended Complaint Filed: Mar. 10, 2022 |

The Parties to this case submit this Joint Statement pursuant to the Court's August 30, 2024 Order (ECF No. 126) to meet and confer regarding the deadlines for a revised case schedule. On September 5, 2024, the Parties met and conferred via videoconference.

**Mediation Deadline**

At their conference, the Parties agreed it will be most productive to schedule a mediation at a time when both parties believe they are adequately prepared for a productive mediation. Plaintiff explained their position that a mediation would be more likely to bear fruit once Defendant substantively responds to Plaintiff's second set of Requests for Production and first set of Interrogatories, which implicate damages, and the Parties meet and confer on any remaining damages-related disputes. Apple explained it does not agree that Plaintiff has any damages nor that Apple's responses to Plaintiff's pending discovery requests will be relevant to Plaintiff's damages model. Nonetheless, the Parties agree to and propose providing an update on proposed mediation timing to the Court within one month from the entry of this joint statement.

**Remaining Deadlines**

The Parties disagree as to the remaining event deadlines. The Parties outline their respective proposed deadlines and positions below.

| Event | Previous Deadline | Defendant's Proposal | Plaintiff's Proposal |
|---|---|---|---|
| Last day to file discovery disputes connected to class certification | N/A | N/A | December 13, 2024 |
| Plaintiff's motion for class certification (including expert reports) | July 1, 2024 | September 27, 2024 | January 17, 2025 |
| Apple's opposition to motion for class certification (including expert reports) | September 30, 2024 | January 10, 2025 | March 14, 2025 |
| Plaintiff's reply in support of class certification (including expert reports) | November 12, 2024 | February 21, 2025 | May 16, 2025 |
| Hearing on motion for class certification | December 12, 2024 | March 20, 2025 | June 19, 2025 |
| Close of fact discovery | December 23, 2024 | March 31, 2025 | July 1, 2025 |
| Joint trial setting conference statement | January 3, 2025 | April 10, 2025 | July 11, 2025 |
| Trial setting conference | January 16, 2025 | April 24, 2025 | July 24, 2025 |

JOINT STATEMENT AND [PROPOSED] ORDER
Case No. 5:20-cv-07495-EJD - 1

**Plaintiff's Position**

Plaintiff proposes filing his class certification motion in four months, on January 17, 2025, and adding a deadline of December 13, 2024 to file any remaining discovery disputes connected to that motion. Apple's proposed deadline for class certification of September 27, 2024—just two weeks from today—is unworkable because it would preclude Plaintiff from obtaining key discovery to support his motion, and would reward Apple for withholding key document productions in the hope of running out the clock before class certification.

Plaintiff's proposed deadlines serve two important goals.

*First*, a December 13, 2024 discovery dispute deadline would provide both the Parties and the Court with certainty and clarity, ultimately reducing resources expended for all involved. For example, following Apple's March, April, and May 2024 productions—its only productions directly responsive to Plaintiff's first set of Requests for Productions to date—Plaintiff learned novel information and gained a more robust understanding of Apple's actions that led to Apple's alleged consumption of the putative class's cellular data. This understanding informed Plaintiff's Second Set of Requests for Production and First Set of Interrogatories served on July 20. However, Apple declined to respond substantively or produce any documents in response and said it would do so only after the Court's recent order issued. This tactic required significant resources to address—letter-writing, meeting and conferring regarding the scope of Apple's immovability, strategizing to advance those conferences, and briefing a motion to stay that the Court ultimately never entered and denied as moot. Yet as of this filing, Plaintiff is still awaiting responses to these July requests. Plaintiff's attempts to schedule depositions with Apple employees, selected after review of Apple's 2024 productions, met a similar fate. Despite Apple's delay, Apple has assured Plaintiff he will—at long last—receive substantive written discovery responses in the coming days. And Plaintiff hopes that, now that the Court has ruled on the recent batch of motions, Apple will produce responsive documents within the next few weeks and cooperate on scheduling depositions. Assuming continued cooperation, a December 13, 2024 deadline to raise any outstanding discovery disputes with the Court would give Plaintiff

two months to review Apple's discovery responses and documents, take necessary depositions, and present any remaining discovery disputes to the Court.

*Second*, a January 17, 2025 deadline to file a motion for class certification would allow Plaintiff to incorporate Apple's forthcoming discovery and present common proof in a clear and orderly fashion. For example, Plaintiff has long attempted to augment damages-related data he received from cellular carriers with corresponding information specific to Apple. Apple only began producing such information in 2024, after which Plaintiff promptly propounded discovery requests following up on that new information. Plaintiff intends to present at class certification a damages model or models that will "provide common answers." *Lytle v. Nutramax Labs., Inc.*, --- F.4th ---, 2024 WL 3915361, at *13 n.8 (9th Cir. 2024). But Plaintiff deserves a fair opportunity to develop and present such a model, including receiving and probing the information Plaintiff has requested but not yet received, and then working with experts as needed upon receiving that information. *See id.* at *13 n.7. And Apple acknowledges as much—just as mediation requires providing Plaintiff some transparency into information undergirding damages, so, too, does briefing class certification.

To the extent Apple argues that Plaintiff lost his opportunity to propose a class certification deadline more than two weeks from today, Plaintiff has long maintained that, given Apple's discovery delays, he would need more time than Apple would stipulate to. *See* Decl. of David M. Berger ISO Motion to Enlarge Time, Dkt. No. 91-1, ¶¶ 24-27, 30-31. Discovery was never bifurcated and is still ongoing until December 23, 2024 even under the current schedule. In fact, Plaintiff's new proposed deadline for filing class certification is just less than a month after this current fact discovery deadline. Plaintiff appreciates this opportunity to assess anew the class certification briefing schedule and is willing to provide any additional information the Court may find helpful.

**Apple's Position**

This case has been pending for four years, and Plaintiff's operative Second Amended Complaint has been pending for two and a half. Plaintiff has had a fair and fulsome opportunity to obtain the discovery he needs to file for certification, and already introduced additional undue

delay by unsuccessfully moving for leave to amend his SAC. The time for Plaintiff to move to certify a class, if he still intends to, is overdue.

**Apple's Proposal is Appropriate Given Plaintiff's Long-Pending Complaint and the History of This Case.**

Plaintiff was only 17 days away from his deadline to move for class certification when he abruptly diverted this case from moving forward by filing a motion seeking leave to a file a third amended complaint. (ECF No. 89). That request was denied. (ECF No. 126). In light of this pre-existing case schedule, Plaintiff has already had every opportunity to seek any discovery he believed necessary well ahead of his original July 1, 2024 deadline to move for class certification. Plaintiff's unsupported assertion that Apple has "withheld" documents is baseless; to the contrary, Apple met its May 20, 2024 deadline to substantially complete document production as to all pending requests.[1] Any failure to timely obtain the information Plaintiff feels necessary to file for certification—including the failure to depose any Apple witnesses or timely propound additional written discovery—is the fault of no one but Plaintiff himself. Apple should not be prejudiced for the choices Plaintiff has made. Any additional discovery Plaintiff seeks at this time should be pursued parallel to the class certification briefing.

Accordingly, as reflected in Apple's proposed case schedule, Plaintiff should be required to move to certify a class in relatively short order. This is in accord with Rule 23(c)(1)'s directive that "At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Additionally, Apple's proposed schedule is appropriate because it preserves the intervals (with moderate adjustments to reflect newly intervening holidays) previously agreed to by the parties for each deadline.

**Plaintiff's Schedule is Unjustifiable.**

Plaintiff's new position that he should be entitled to further class discovery, and *six*

---

[1] Plaintiff also continues to baselessly assert that Apple's extensive Radar production from 2023, consisting of over 13,000 pages, was not "directly responsive" to his first set of RFPs.

*months* to obtain it, is wholly unsupportable and should not be countenanced.  In his proposal, Plaintiff asks the Court to enter nearly the exact extension of time he sought in his motion to enlarge time filed concurrently with his unsuccessful motion for leave (the only change is to shorten the time Apple would have to oppose Plaintiff's motion for class certification and expand the time Plaintiff would have to reply to Apple's opposition).  But Plaintiff cannot explain why any of the discovery that he still seeks from Apple justifies the case schedule he proposes, much less establish that he is entitled to it when he failed to seek this discovery in a timely fashion during the over four years this case has been pending.

Apple's responses to Plaintiff's First Set of Interrogatories and Second Set of Requests for Production were not due until over two weeks past Plaintiff's original July 1 class certification deadline.  It is thus not credible for Plaintiff to claim that he requires or is entitled to responses to these discovery requests prior to moving for class certification.

Additionally, Plaintiff claims (above and during the Parties' meet and confer) that responses to the subset of these discovery requests that seek information about users with limited data plans are relevant to class certification because they relate to his damages model.  But as Apple has proactively explained to Plaintiff, Apple does not maintain that information—cellular data plan carriers do.  Plaintiff has long known this, and in fact served third party subpoenas on AT&T, Verizon, and T-Mobile nearly **two years ago** in November 2022.  If Plaintiff failed to diligently pursue that third party discovery, that is not due to any action by Apple, and it certainly does not justify extending the case schedule by six months.  *The only damages-related requests Plaintiff has served on Apple seek information broken down by users with limited plans –information that Apple does not have–*and Plaintiff has no support for his assertion that he seeks to "augment" discovery from carriers with "information specific to Apple."  The majority of Plaintiff's remaining requests seek information that would only have been relevant to the allegations Plaintiff sought to add in proposed third amended complaint, which was denied.  And Plaintiff can point to no request that he could not have propounded earlier, such that he could have obtained responses prior to his original July 1 deadline.  These discovery requests accordingly provide no reason to enter Plaintiff's requested schedule.

Plaintiff also recently requested deposition dates for two Apple software engineers in their individual capacities. Plaintiff has been on notice of one of these witnesses for over three years, as he was included in Apple's March 15, 2021 Initial Disclosures. Plaintiff has been aware of the other witness for at least one year based on his inclusion on documents produced by Apple in August 2023. Plaintiff thus could have, but did not, seek these depositions prior to his previous July 1 deadline. He has not and cannot justify why he should be permitted additional time—much less six full months—to do so now.

To the extent Plaintiff attempts to avoid his failure to timely obtain discovery by placing the blame on purported delay by Apple, there is no basis to do so. First, Apple did not seek a stay until after Plaintiff's original class certification deadline had passed, and moreover continued to confer with Plaintiff about discovery throughout the pendency of its request. Second, if Plaintiff believed that any of Apple's conduct during the four years this case has been pending would have prevented him from meeting his July 1 class certification deadline, he had every opportunity to seek relief from the Court prior to that. His choice not to do so does not justify extending this case by another half of a year.

***

For these reasons, Apple respectfully requests that the Court enter its proposed schedule in its entirety.

Dated: September 13, 2024        Respectfully submitted,

**GIBBS LAW GROUP LLP**

By:  /s/ *Amanda M. Karl*
Amanda M. Karl (SBN 301088)
David Berger (SBN 277526)
Jeffrey Kosbie (SBN 305424)
Jennifer Sun (SBN 354276)
1111 Broadway, Suite 2100
Oakland, California 94607
Telephone: 510-350-9700

|   |   |   |
|---|---|---|
| 1 | | Fax: 510-350-9701 |
| 2 | | Oakland, California 94607 |
|   | | Telephone: 510-350-9700 |
| 3 | | Fax: 510-350-9701 |
| 4 | | amk@classlawgroup.com |
|   | | dmb@classlawgroup.com |
| 5 | | jbk@classlawgroup.com |
|   | | jsun@classlawgroup.com |

Kim D. Stephens, P.S. (*pro hac vice*)
Jason T. Dennett (*pro hac vice*)
Kaleigh N. Boyd (*pro hac vice*)
**TOUSLEY BRAIN STEPHENS PLLC**
1200 Fifth Avenue, Suite 1700
Seattle, Washington 98101
Telephone: 206-682-5600
Fax: 206-682-2992
kstephens@tousley.com
jdennett@tousley.com
kboyd@tousley.com

Dated: September 13, 2024   **MORRISON & FOERSTER LLP**

By:   */s/ Camila A. Tapernoux*

Penelope A. Preovolos (CA SBN 87607)
PPreovolos@mofo.com
Claudia M. Vetesi (CA BSN 233485)
CVetesi@mofo.com
Alexis A. Amezcua (CA SBN 247507)
AAmezcua@mofo.com
Camila A. Tapernoux (CA SBN 299289)
CTapernoux@mofo.com
425 Market Street
San Francisco, California 94105-2482
Telephone: 415.268.7000
Facsimile: 415.268.7522

Katie Viggiani (*pro hac vice*)
kviggiani@mofo.com
**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019-9601
Telephone: 212.468.8000
Facsimile: 212.468.7900

JOINT STATEMENT AND [PROPOSED] ORDER
Case No. 5:20-cv-07495-EJD - 7

**ATTESTATION**

I attest that for all conformed signatures indicated by an "/s/," the signatory has concurred in the filing of this document.

September 13, 2024                              Respectfully submitted,

                                                /s/ Amanda M. Karl

**[PROPOSED] ORDER**

Pursuant to the Parties' agreement, the Parties shall enter a joint statement one month from the entry of this order concerning progress on negotiating a mediation deadline.

Having considered the Parties' positions, the Court adopts the following deadlines for all other events:

| Event | Previous Deadline | Court-Ordered Deadline |
|---|---|---|
| Last day to file discovery disputes connected to class certification | N/A | |
| Plaintiff's motion for class certification (including expert reports) | July 1, 2024 | |
| Apple's opposition to motion for class certification (including expert reports) | September 30, 2024 | |
| Plaintiff's reply in support of class certification (including expert reports) | November 12, 2024 | |
| Hearing on motion for class certification | December 12, 2024 | |
| Close of fact discovery | December 23, 2024 | |
| Joint trial setting conference statement | January 3, 2025 | |
| Trial setting conference | January 16, 2025 | |

IT IS SO ORDERED.

Dated:

                EDWARD J. DAVILA
                UNITED STATES DISTRICT JUDGE