UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ALASDAIR TURNER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>APPLE, INC.,<br><br>　　　　Defendant. | Case No.   5:20-cv-07495-EJD<br><br>**ORDER DENYING MOTION FOR RELIEF FROM NONDISPOSITIVE ORDER OF MAGISTRATE JUDGE**<br><br>Re: ECF No. 277 |

Before the Court is Plaintiff Alasdair Turner's motion for relief from Magistrate Judge Cousins' nondispositive discovery order. Mot, ECF No. 277. Judge Cousins denied Turner's request to compel discovery of an internal dashboard used by Defendant Apple, Inc. because he "was not persuaded that . . . the information was relevant and proportional to the needs of the case under [Rule] 26." Minute Entry, ECF No. 252. Since Judge Cousins' order was neither clear error nor contrary to law, the Court **DENIES** Turner's motion.

I.   **BACKGROUND**

In general terms, Turner alleges that certain versions of Apple's iOS operating system for iPhones contain code that misuse consumers' cellular data. Second Am. Compl. ¶¶ 3–4. Turner seeks to hold Apple liable for that alleged misuse. To understand how that iOS code functions and behaves, Turner sought access to a "dashboard" that Apple purportedly used to track and fix code that misused customers' data. In Turner's view, this dashboard was plainly relevant to the "data consumption problem that is the core subject of this case." Mot. at 1. Apple, however, countered that the dashboard was limited to data from beta testers and other internal testers and therefore not representative of the production versions of iOS released to consumers, nor of how actual consumers used iOS.

Case No.: 5:20-cv-07495-EJD
ORDER DEN. MOT. FOR RELIEF          1

1   Judge Cousins agreed with Apple.  Ruling from the bench, Judge Cousins explained he
2   was "not persuaded" that the requested dashboard discovery would be anything other than "an
3   expensive and burdensome fishing expedition."  Hr'g Tr. at 34:22–35:2, ECF No. 255.

## II.    DISCUSSION

When reviewing a magistrate judge's nondispositive order, this Court may set aside or modify parts of that order only when those parts are "clearly erroneous or [] contrary to law."  Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A).  The clear error standard applies to the magistrate judge's factual findings.  *In re Cathode Ray Tube Antitrust Litig.*, MDL No. 1917, 2022 WL 20611260, at *1 (N.D. Cal. Oct. 14, 2022).  Clear error occurs where the Court "is left with a definite and firm conviction that a mistake has been committed."  *EEOC v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014) (internal quotations and citation omitted).  Meanwhile, under the "contrary to law" standard, the Court reviews de novo the magistrate judge's legal conclusions as well as mixed questions of law and fact.  *H-E-B, LP v. Olympia Tools Int'l, Inc.*, No. 21-cv-0832, 2021 WL 3171890, at *1 (S.D. Cal. July 27, 2021).  A decision that "applies an incorrect legal standard or fails to consider an element of the applicable standard" is contrary to law.  *In re Cathode Ray Tube*, 2022 WL 20611260, at *1.

Turner argues that Judge Cousins' decision must be reversed because (1) he clearly erred when finding that the dashboard's relevance was too speculative to justify the burden of production, and (2) he applied a legal standard contrary to law when he considered the procedural posture of the case.  Neither is a ground for reversal.

*First,* the record contains enough evidence showing the dashboard's lack of relevance to support Judge Cousins' order.  Several witnesses testified that the dashboard reflects data from pre-release versions of iOS.  Cili Dep. at 44:24–45:6, ECF No. 150-3; Miller Dep. at 332:4–22, ECF No. 305-3; Prunty Dep. at 94:3–95:3, ECF No. 312-5.  Witnesses also testified that the beta and internal testers using these pre-release versions did not use their phones like an average consumer would.  Miller Decl. ¶ 15, ECF No. 154-5.  While Turner may disagree with the interpretations or weight of this testimony, such disagreements are not so substantial that they leave the Court "with a definite and firm conviction that a mistake has been committed."

Case No.: 5:20-cv-07495-EJD
ORDER DEN. MOT. FOR RELIEF            2

*Second*, Judge Cousins did not apply an incorrect legal standard. When he referenced the procedural posture of the case, he did so only to acknowledge that potential discovery may have different relevance to class certification when compared to merits issues on damages. Hr'g Tr. at 34:10–21. That was correct.

### III. CONCLUSION

Turner's motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: May 28, 2025

EDWARD J. DAVILA
United States District Judge

Case No.: 5:20-cv-07495-EJD
ORDER DEN. MOT. FOR RELIEF         3